IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EARL L. TURNER,       § | |
|     Plaintiff,   § | |
| vs.                          § | Civil Action No. 3:16-CV-501-K-BH |
|                              § | |
| NATIONSTAR MORTGAGE, LLC, et al., § | |
|     Defendants.    § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* foreclosure case has been automatically referred for full case management. Before the Court for recommendation is the *Motion to Dismiss Amended Complaint and Brief in Support*, filed July 1, 2016 (doc. 28). Based upon the relevant filings and applicable law, the motion should be **GRANTED.**

**I. BACKGROUND**

On February 23, 2016, Earl L. Turner (Plaintiff) filed this *pro se* action against Nationstar Mortgage, LLC (Nationstar) based upon its attempted foreclosure of property located at 4121 Salem Street, Grand Prairie, Texas 75052 (the Property). (*See* doc. 3.) On June 20, 2016, he filed an amended complaint that added Bank of America, N.A. d/b/a Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (BANA) as a defendant. (*See* doc. 27.)[1]

On December 19, 2002, Plaintiff executed a promissory note in the amount of $185,050.00 payable to the order of America's Wholesale Lender, as well as a deed of trust securing the payment of the note. (*See* doc. 28 at 2.)[2] The deed of trust was assigned to BANA on April 10, 2012, and then subsequently assigned to Nationstar on April 2, 2013. (*See* docs. 28 at 2, 19-1 at 2-21.) Nationstar

---

[1] The docket does not reflect that BANA has ever been served, and it has not appeared.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

notified Plaintiff that it was the new mortgage servicer of the note, but he refused to make payments because it failed "to timely explain how it was involved and what rights and interests [it] claimed to have." (doc. 3 at 3.) On April 14, 2014, Nationstar initiated foreclosure. (*See* doc. 28 at 2.)

Plaintiff filed two lawsuits against Nationstar under the Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), the "show me the note" theory, and "split the note" theory, and for wrongful foreclosure and replevin. *See Turner v. Nationstar Mortg., LLC*, No. 3:14-CV-1704-L, 2015 WL 4635760 (N.D. Tex. Aug. 4, 2015); *see also Turner v. Nationstar Mortg., LLC*, No. 3:14-CV-1704-L, 2015 WL 585598 (N.D. Tex. Feb. 11, 2015). These suits were consolidated and dismissed with prejudice. *See id.* His appeal of the dismissal remains pending. *See Turner v. Nationstar Mortg., LLC*, No. 16-10338 (5th Cir. filed Mar. 28, 2016).

Plaintiff then filed this lawsuit asserting claims of "tortuous [sic] inducement of breach of contract" based on actions Nationstar took while attempting to service the mortgage on the Property. (*See* doc. 3.) After being granted leave to amend, he filed an amended complaint that abandoned his prior claims and recharacterized the suit as a "petition to perpetuate testimony" under Rule 27 of the Federal Rules of Civil Procedure against both Nationstar and BANA. (*See* docs. 26, 27.) He does not allege any claim in his amended complaint and instead seeks an "order authorizing [him] to depose" several employees and lawyers of Nationstar and BANA. (doc. 27 at 2.)

On July 1, 2016, Nationstar moved to dismiss Plaintiff's amended complaint for failure to state a claim. (doc. 28.) With a timely-filed response and reply, the motion is ripe. (docs. 30, 31.)

## II.  RULE 12(b)(6)

Nationstar moves to dismiss the amended complaint by arguing that it fails to meet the requirements under Rule 27, and to the extent that it alleges additional claims, they are barred by the

2

doctrine of res judicata. (*See* doc. 28.)

**A.     <u>Legal Standard</u>**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

4

Nationstar incorporates into its motion copies of the deed of trust and the assignment of the deed of trust. (docs. 28 at 2-3, 19-1 at 2-21.) The complaint and amended complaint generally refer to and incorporate these documents, and they are therefore considered part of the pleadings. Additionally, the deed of trust and the assignment of the deed of trust are a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"). Because the documents incorporated into Nationstar's motion to dismiss are part of the pleadings or subject to judicial notice, they may be considered without conversion of its motion into a motion for summary judgment. *See Norris*, 500 F.3d at 461.

**B.     Petition to Perpetuate Testimony**

Plaintiff appears to argue that his petition to perpetuate testimony is properly brought under both Rule 27(a) as prior to commencement of a new action and Rule 27(b) as pending appeal of his prior lawsuit. (*See* doc. 30 at 2-5.) Nationstar argues that it should be dismissed for failure to state a claim because it fails to meet the requirements under Rule 27. (*See* doc. 28 at 4-5.)

A petition brought under Rule 27 allows a petitioner to depose witnesses to perpetuate testimony prior to commencement of suit or pending appeal of a final judgment. *See In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981). Rule 27, however, is not a license for general discovery. *See Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981).

　　　1.     *Rule 27(a)*

If a petition to perpetuate testimony is brought prior to commencement of a suit, the petitioner must demonstrate a present inability to bring any action at the time the petition is presented. *See Shore*, 644 F.2d at 388; *see also Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961)

5

("the party seeking the deposition [must] be unable to bring the suit or cause it to be brought").  The petitioner must title the petition in his or her name and establish:  (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses; so far as known; and (E) the name, address, and expected substance of the testimony of each deponent.  *See* Fed. R. Civ. P. 27(a)(1)(A)-(E).  "Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show . . . that without the perpetuation of the testimony a failure or delay of justice will occur." *See Eisenberg*, 654 F.2d at 1111 (citing Fed. R. Civ. P. 27(a)(3)).  "A person contemplating litigation has no absolute entitlement to early discovery under Rule 27." *See id.* at 1112.

Here, Plaintiff seeks the depositions of several of Nationstar's and BANA's lawyers and employees who were involved with the assignments of the deed of trust and the attempted foreclosure of the Property.  (*See* doc. 27.)  He seeks deposition testimony to "accurately trace the chain of custody" under the note and deed of trust.  (doc. 30 at 9-13.)  He "relies on the loss-of-evidence element in Rule 27" to argue that "[g]iven the technological advances in digital communication and data management over the past 30 years, the preservation of evidence from outdated data systems may become corrupted, damaged, lost, or easily destroyed." (*Id*. at 3-4.)

Rule 27 does not provide for this discovery. *See In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (denying Rule 27(a) petition when petitioner set forth no factual basis and merely made a conclusory statement regarding his need for preserving the testimony of a witness); *In re*

*Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) ("Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory."). Plaintiff presents no evidence to show "an immediate need to perpetuate testimony" or that the testimony of persons with knowledge of material facts relevant to the proposed lawsuit will be unavailable after a complaint is filed. *See In re Von Drake,* No. 3:08-MC-064-O, 2008 WL 5101715 at *2-3 (N.D. Tex. Dec. 2, 2008) *(*citing *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995)). He has not alleged that any of the potential deponents are "aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time." *See In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978) (denying petition to perpetuate testimony "because of a lack of knowledge of facts necessary" to prepare a sufficient complaint).

Any petition to perpetuate testimony under Rule 27(a) is improper and should be dismissed. *See Von Drake*, No. 3:08-MC-064-O, 2008 WL 5101715 at *1-2.

### 2.    *Rule 27(b)*

If a petition to perpetuate testimony is brought pending appeal of a final judgment, a petitioner may move the court who rendered the judgment for leave to depose witnesses to perpetuate testimony for use in the event of further proceedings in that court. *See* Fed. R. Civ. P. 27(b)(1). The motion must show: (A) the name, address, and expected substance of the testimony of each deponent; and (B) the reasons for perpetuating the testimony. *Id*. at 27(b)(2). "It is beyond argument that the language of Rule 27(b) anticipates the filing of a motion or petition and the service of notice thereof after rendition of a judgment." *Shore*, 644 F.2d at 388-89 (quoting *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir. 1975)).

Here, Plaintiff never sought leave of court in his prior action to take depositions and perpetuate

testimony pending appeal of the judgment against him. He instead filed this lawsuit because "it now appears that [Nationstar] . . . is not the current note holder of [the deed of trust]." (doc. 30 at 13.) He attempts to circumvent the proper procedure of filing a motion seeking leave of court under Rule 27(b) by instead filing a new action. *See* Fed. R. Civ. P. 27(b)(2). Accordingly, any petition to perpetuate testimony under Rule 27(b) is also improper and should be dismissed.

## C. Res Judicata

Nationstar contends that to the extent that Plaintiff seeks to bring a cause of action, he is barred by the doctrine of res judicata because he is reasserting the same arguments that were asserted in the previous consolidated lawsuit.[3] (doc. 28 at 8-10.) It contends that the claims in each case involve the same loan and Property and that Plaintiff argues in both actions that any attempted foreclosure is in error because the deed of trust was improperly conveyed or assigned. (*Id.*)

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true

---

[3] Plaintiff's amended complaint appears to abandon all of the claims in his original complaint, and he states in his response to the motion to dismiss that his "petition seeking leave of court to perpetuate testimony is not a . . . lawsuit." (doc. 30 at 1-2.)

res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 467. As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235 at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

### *1. Identical Parties or Privity with Interested Parties*

Plaintiff and Nationstar were parties to the consolidated action and are parties to the current suit. *See Turner v. Nationstar Mortg., LLC*, No. 3:14-CV-1704-L, 2015 WL 4635760 (N.D. Tex. Aug. 4, 2015). BANA was not a party to the prior consolidated action, but it can claim preclusion as a defense if it was in privity with Nationstar. *See Test Masters*, 428 F.3d at 571; *see also Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) ("A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant.").

Privity is in essence a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266–67 (5th Cir. 1990). The Fifth Circuit


"has held that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.*[4]

Here, all parties contend that BANA assigned its interest in the Property and deed of trust to Nationstar. (*See* docs. 28 at 2, 27 at 1-2, 19-1 at 17-20.) BANA does not have any other apparent interest or defense in this case besides Nationstar's arguments regarding the Property, home equity documents covering the Property, and servicing of the loan. This relationship is sufficient to establish privity between BANA and Nationstar. *See Frank C Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam) ("[N]onparty preclusion may be justified based on a . . . pre-existing 'substantive legal relationship[ ]' between the [party and nonparty] . . . " such as "preceding and succeeding owners of property . . . and assignee and assignor") (citing *Taylor*, 553 U.S. at 893). The first element is satisfied.

### 2. *Court with Competent Jurisdiction*

Plaintiff filed his first lawsuit in state court, and the defendants properly removed that action to the federal district court of the Northern District of Texas based on diversity jurisdiction. *See*

---

[4] In *Taylor*, the Supreme Court "avoid[ed] using the term 'privity'" to "ward off confusion," but it identified six "exceptions" to "the rule against nonparty preclusion": (1) a person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement; (2) preclusion may be justified based on a variety of pre-existing "substantive legal relationships" between the person to be bound and a party to the judgment, such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor"; (3) a nonparty may be bound by a judgment where she was "adequately represented" by a party to the suit having the same interests as the nonparty, such as in "properly conducted class actions ... and suits brought by trustees, guardians, and other fiduciaries"; (4) preclusion is appropriate if the nonparty "assumed control" over the litigation in which the judgment was rendered; (5) "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy"; and (6) a "special statutory scheme" may sometimes "expressly foreclose successive litigation by nonlitigants," such as statutes governing "bankruptcy and probate proceedings." *Taylor*, 553 U.S. at 893–96. Notably, the Court cautioned that this list was "meant only to provide a framework" for nonparty preclusion rather than "a definitive taxonomy." *Id.* at 893.

*Turner*, 2015 WL 4635760. None of the parties disputes that it was a court of competent jurisdiction to determine the prior action. This element is also satisfied.

### 3. *Prior Final Judgment*

All claims in the prior consolidated action were dismissed with prejudice under Rule 12(b)(6). *See Turner*, 2015 WL 585598. A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes. *See Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes . . . [i]t is well established that Rule 12(b)(6) dismissals are made on the merits."). The third element has been met.

### 4. *Same Claims*

Nationstar contends that Plaintiff is reasserting the same arguments and claims in this lawsuit as in the prior consolidated action because the claims in each case involve the same loan and Property, and Plaintiff argues in both cases that neither Nationstar nor BANA have been properly assigned an interest in the Property. (*See* doc. 28 at 10.)

"To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004). Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time,

11

space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt*, 365 F.3d at 395–96 (citation omitted).

In the consolidated action, Plaintiff brought claims under the FDCPA, RESPA, wrongful foreclosure, replevin, the "show me the note" theory, and "split the note" theory, which are the same claims he originally asserted in this case. *See Turner*, 2015 WL 585598 at *4. His argument in the prior action that bifurcation of the note and the deed of trust invalidated Nationstar's right to foreclose on the Property was specifically denied. *See id*. Plaintiff now attempts to bring claims of "wrongful foreclosure" and "tortuous [sic] inducement of breach of contract," which is liberally construed as a claim for tortious interference with an existing contract. (doc. 27 at 1.) Both of his claims are based upon the argument that Nationstar and BANA "never acquired any legal rights, including servicing rights, or any interest in [the Property]" because the "note was never properly conveyed or assigned in any of the purported assignments." (*Id*. at 2.) All of Plaintiff's lawsuits, both current and former, were initiated to prevent foreclosure upon the Property.

Plaintiff's claims in both actions arise from the same transactions, or series of connected transactions, namely the assignment of the deed of trust to BANA and Nationstar and the attempt to foreclose on the Property. The allegations in both lawsuits relate to Nationstar's and BANA's attempt to pursue their rights under the deed of trust and are based upon Plaintiff's belief that they had no right to seek relief because they failed to provide evidence of a "chain of custody" of the note. (doc. 30 at

12

13.) The fourth and final element is satisfied.

Because the elements of res judicata appear on the face of Plaintiff's amended complaint and in documents that are subject to judicial notice, the affirmative defense of res judicata may be considered under Rule 12(b)(6). *See Hall*, 305 F. App'x at 227–28. Because all the elements of claim preclusion are satisfied, any claims against Nationstar and BANA are barred and should be dismissed with prejudice.[5] *See Butts v. JP Morgan Chase Bank*, No. 3:11-CV-2542-M, 2011 WL 7109344 at *2 (N.D. Tex. Dec. 28, 2011) (dismissing the plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'—the mortgage loan obtained by [the] plaintiff on the subject property").

### III. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870 at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600 at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do

---

[5] Although BANA has not moved to dismiss, the court may sua sponte dismiss a claim as long as the plaintiff has notice of its intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides the required notice and opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321 at *3 n. 1 (E.D.Tex. Sept. 26, 2008).

13

so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff was afforded an opportunity to amend, and he did file an amended complaint that did not address any of the original deficiencies but instead completely altered the nature of his suit. (*See* docs. 26, 27.) Both his original complaint for "tortuous [sic] inducement of breach of contract" and his amended "petition to perpetuate testimony," even when they are liberally construed, fail to state a claim upon which relief can be granted and are barred by res judicata. Accordingly, Plaintiff has alleged his best case, and no further opportunity to amend his claims against Nationstar and BANA is warranted.

## IV. RECOMMENDATION

The motion to dismiss Plaintiff's amended complaint should be **GRANTED**, and all of Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on this 21st day of November, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE